IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC.,<br><br>                            Plaintiff,<br><br>    v.<br><br>HIGH TECH COMPUTER CORP., a/k/a HTC CORP., HTC (B.V.I.) CORP., HTC AMERICA, INC., and EXEDEA, INC.,<br><br>                          Defendants. | C.A. No. 10-544-GMS<br><br>**DEMAND FOR JURY TRIAL** |

**HIGH TECH COMPUTER CORP., A/K/A HTC CORP., HTC (B.V.I.) CORP., HTC AMERICA, INC., AND EXEDEA, INC.'S ANSWER AND COUNTERCLAIMS TO APPLE'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants and Counterclaimants High Tech Computer Corp., a/k/a HTC Corp., HTC (B.V.I.) Corp., HTC America, Inc., and Exedea, Inc. hereby answer Apple, Inc.'s Complaint for Patent Infringement ("the Complaint") as follows:

**The Parties**

1.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and on that basis deny them.

2.     Defendants admit that HTC Corp. is a corporation organized and existing under the laws of Taiwan with its principal place of business at 23 Xinghua Road, Taoyuan 330, Taiwan, Republic of China. Defendants admit that HTC Corp. has engaged in the design, manufacture, importation into, and sale in the United States of mobile communication devices. Defendants deny the remainder of the allegations in Paragraph 2.

3.     Defendants admit that HTC B.V.I. is a wholly-owned subsidiary of HTC Corp. and is incorporated under the laws of the British Virgin Islands with its principal place of

business at 3F, Omar Hodge Building, Wickhams Cay I, P.O. Box 362, Road Town, Tortola, British Virgin Islands.  Defendants admit that HTC B.V.I. has engaged in a variety of business transactions on behalf of HTC Corp. and related entities and is a parent company of additional Defendants.  Defendants deny the remainder of the allegations in Paragraph 3.

4. Defendants admit that HTC America is a wholly-owned subsidiary of HTC B.V.I. and is incorporated under the laws of the state of Texas, with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005.  Defendants admit that HTC America has engaged in services related to the importation and sale of HTC products, including marketing, repair and after-sale service.  Defendants deny the remainder of the allegations in Paragraph 4.

5. Defendants admit that Exedea, Inc. is a wholly-owned subsidiary of Defendant HTC B.V.I. and is incorporated under the laws of the state of Texas with its principal place of business at 5950 Corporate Drive, Houston, Texas 77036.  Defendants admit that Exedea has been involved in the importation, distribution and sale of HTC products in the United States.  Defendants deny the remainder of the allegations in Paragraph 5.

## Nature of the Action

6. Defendants admit that the Complaint purports to recite an action for infringement of the Asserted Patents.  To the extent further response is required, Defendants deny the remainder of the allegations in Paragraph 6.

## Jurisdiction and Venue

7. Paragraph 7 contains legal conclusions to which no response is required.

8. Paragraph 8 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that some of the Defendants manufacture or

assemble products that may have been offered for sale, sold, purchased, and/or used within the state of Delaware but deny the remainder of the allegations in Paragraph 8.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that some of the Defendants manufacture and distribute products that may have been offered for sale, sold, purchased, and/or used within the state of Delaware but deny the remainder of the allegations in Paragraph 9.

## The Patents in Suit

10. Defendants admit that some of the Asserted Patents purport to cover generally various software and/or hardware technologies that could be used in mobile communication devices and/or other products. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and on that basis deny them.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and on that basis deny them.

12. Denied.

13. Denied.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,383,453

14. Defendants repeat and incorporate their responses set forth in paragraphs 1-13 above.

15. Defendants admit that what purports to be a copy of U.S. Patent No. 7,383,453 ("the '453 Patent") is attached to the Complaint as part of Exhibit A. Defendants admit that the attached copy of the '453 Patent is entitled "Conserving Power By Reducing Voltage Supplied To An Instruction-Processing Portion Of A Processor" and indicates an issue date of June 3, 2008. Paragraph 15 otherwise contains legal conclusions to which no response is required. To

the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 15 and on that basis deny them.

16. Defendants admit that what purport to be three Certificates of Correction for the '453 Patent are attached to the Complaint as part of Exhibit A. Defendants admit that the attached copy of one of these Certificates of Correction is dated January 13, 2009. To the extent further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 16 and on that basis deny them.

17. Defendants admit that what purport to be three Certificates of Correction for the '453 Patent are attached to the Complaint as part of Exhibit A. Defendants admit that the attached copy of one of these Certificates of Correction is dated February 17, 2009. To the extent further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 17 and on that basis deny them.

18. Defendants admit that what purport to be three Certificates of Correction for the '453 Patent are attached to the Complaint as part of Exhibit A. Defendants admit that the attached copy of one of these Certificates of Correction is dated June 8, 2010. To the extent further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 18 and on that basis deny them.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and on that basis deny them.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## **COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,657,849**

25. Defendants repeat and incorporate their responses set forth in paragraphs 1-24 above.

26. Defendants admit that what purports to be a copy of U.S. Patent No. 7,657,849 ("the '849 Patent") is attached to the Complaint as part of Exhibit B. Defendants admit that the attached copy of the '849 Patent is entitled "Unlocking a Device By Performing Gestures On An Unlock Image" and indicates an issue date of February 2, 2010. Paragraph 26 otherwise contains legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 26 and on that basis deny them.

27. Defendants admit that what purports to be a Certificate of Correction for the '849 Patent is attached to the Complaint as part of Exhibit B. Defendants admit that the attached copy of this Certificate of Correction is dated March 16, 2010. To the extent further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 27 and on that basis deny them.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and on that basis deny them.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,282,646

34. Defendants repeat and incorporate their responses set forth in paragraphs 1-33 above.

35. Defendants admit that what purports to be a copy of U.S. Patent No. 6,242,646 ("the '646 Patent") is attached to the Complaint as Exhibit C.  Defendants admit that the attached copy of the '646 Patent is entitled "System For Real-Time Adaptation To Changes In Display Configuration" and indicates an issue date of August 28, 2001.  Paragraph 35 otherwise contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 35 and on that basis deny them.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and on that basis deny them.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 7,380,116

42. Defendants repeat and incorporate their responses set forth in paragraphs 1-41 above.

43. Defendants admit that what purports to be a copy of U.S. Patent No. 7,380,116 ("the '116 Patent") is attached to the Complaint as Exhibit D.  Defendants admit that the attached

copy of the '116 Patent is entitled "System For Real-Time Adaptation To Changes In Display Configuration" and indicates an issue date of May 27, 2008.  Paragraph 43 otherwise contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 43 and on that basis deny them.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and on that basis deny them.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## RESPONSE TO PRAYER FOR RELIEF

50. Defendants deny each allegation of the Complaint not expressly admitted herein and deny that Apple is entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Invalidity of the Asserted Patents)

51. The '453 Patent, '849 Patent, '646 Patent, '116 Patent, and each of the claims thereof are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, utility, novelty, non-obviousness, enablement, written description and definiteness in accordance with 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, or are invalid pursuant to the judicial doctrine barring double-patenting.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement of the Asserted Patents)

52.     Defendants have not infringed, are not infringing, and will not infringe any of the claims of the '453 Patent, '849 Patent, '646 Patent, or '116 Patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

53.     An additional basis of non-infringement is that statements, representations, admissions, and amendments made to the United States Patent and Trademark Office during the prosecution of the applications which matured into the '453 Patent, '849 Patent, '646 Patent, and '116 Patent, and/or their parent applications, as well as the prior art, estops Apple from asserting that the claims of said patents are infringed by Defendants' products.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

54.     Apple is estopped from asserting the '453 Patent, '849 Patent, '646 Patent, and '116 Patent, and each of the claims thereof to the extent Apple unreasonably delayed in filing suit against Defendants.

## FIFTH AFFIRMATIVE DEFENSE
### (Marking & Notice)

55.     Apple's claim for damages for the alleged infringement of the '453 Patent, '849 Patent, '646 Patent, and '116 Patent is barred, in whole or in part, for failure to allege compliance with, and failure to comply with, the marking and/or notice requirements of 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE
### (License)

56.     Upon information and belief, Apple has licensing agreements with certain third party suppliers.  Pursuant to the terms of these licensing agreements, these suppliers provide components and/or software that are purchased by Defendants and incorporated into accused products.  Therefore, Defendants are licensed to perform some or all of the acts alleged to infringe the '453 Patent, '849 Patent, '646 Patent, and '116 Patent.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants and Counterclaimants demand a trial by jury on all issues so triable.

\* \* \*

## DEFENDANTS' COUNTERCLAIMS FOR AFFIRMATIVE RELIEF

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendants hereby assert counterclaims against Apple as follows:

## PARTIES

1.      Counterclaimant HTC Corp. (hereinafter "HTC") is a corporation organized and existing under the laws of Taiwan with its principal place of business at 23 Xinghua Road, Taoyuan 330, Taiwan, Republic of China.

2.      Counterclaimant HTC B.V.I. is a wholly-owned subsidiary of HTC Corp. and is incorporated under the laws of the British Virgin Islands with its principal place of business at 3F, Omar Hodge Building, Wickhams Cay I, P.O. Box 362, Road Town, Tortola, British Virgin Islands.

3.      Counterclaimant HTC America is a wholly-owned subsidiary of HTC B.V.I. and is incorporated under the laws of the state of Texas, with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005.

4. Counterclaimant Exedea, Inc. is a wholly-owned subsidiary of Defendant HTC B.V.I. and is incorporated under the laws of the state of Texas with its principal place of business at 5950 Corporate Drive, Houston, Texas 77036.

5. On information and belief, Apple is a corporation organized under the laws of the state of California with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

6. All of these counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.* Some of the counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Jurisdiction over each counterclaim is proper pursuant to one or more of 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

7. Because these counterclaims are asserted in an action Apple filed in this Judicial District, this Court has personal jurisdiction over Apple and venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c).

## NATURE OF THE ACTION

8. This is an action for declaratory relief arising under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. As described below, Counterclaimants seek declaratory judgment that the claims of United States Patent Nos. 7,383,453 ("the '453 Patent"), 7,657,849 ("the '849 Patent"), 6,282,646 ("the '646 Patent"), 7,380,116 ("the '116 Patent"), and each of the claims thereof are invalid for failure to satisfy one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and are not infringed by Counterclaimants.

9. An actual controversy over the validity, enforceability, and infringement of the patents at issue exists between Counterclaimants and Apple, as evidenced by the fact that Apple filed the instant case against Counterclaimants alleging infringement of these patents.

## COUNT I
**(Declaratory Judgment of Invalidity of the '453 Patent)**

10. Counterclaimants repeat and reallege paragraphs 1-9 as if fully set forth herein.

11. The '453 Patent and each of the claims thereof are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, utility, novelty, non-obviousness, enablement, written description and definiteness in accordance with 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, or are invalid pursuant to the judicial doctrine barring double-patenting.

12. Counterclaimants are entitled to a declaratory judgment that the '453 Patent is invalid.

## COUNT II
**(Declaratory Judgment of Non-Infringement of the '453 Patent)**

13. Counterclaimants repeat and reallege paragraphs 1-12 as if fully set forth herein.

14. Counterclaimants have not infringed, are not infringing, and will not infringe any of the claims of the '453 Patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

15. Counterclaimants are entitled to a declaratory judgment that they have not infringed, and are not infringing, any valid and enforceable claim of the '453 Patent.

## COUNT III
**(Declaratory Judgment of Invalidity of the '849 Patent)**

16. Counterclaimants repeat and reallege paragraphs 1-15 as if fully set forth herein.

17. The '849 Patent and each of the claims thereof are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, utility, novelty, non-obviousness, enablement, written description and definiteness in accordance with 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, or are invalid pursuant to the judicial doctrine barring double-patenting.

18. Counterclaimants are entitled to a declaratory judgment that the '849 Patent is invalid.

## COUNT IV
### (Declaratory Judgment of Non-Infringement of the '849 Patent)

19. Counterclaimants repeat and reallege paragraphs 1-18 as if fully set forth herein.

20. Counterclaimants have not infringed, are not infringing, and will not infringe any of the claims of the '849 Patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

21. Counterclaimants are entitled to a declaratory judgment that they have not infringed, and are not infringing, any valid and enforceable claim of the '849 Patent.

## COUNT V
### (Declaratory Judgment of Invalidity of the '646 Patent)

22. Counterclaimants repeat and reallege paragraphs 1-21 as if fully set forth herein.

23. The '646 Patent and each of the claims thereof are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, utility, novelty, non-obviousness, enablement, written description and definiteness in accordance with 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, or are invalid pursuant to the judicial doctrine barring double-patenting.

24. Counterclaimants are entitled to a declaratory judgment that the '646 Patent is invalid.

## COUNT VI
**(Declaratory Judgment of Non-Infringement of the '646 Patent)**

25. Counterclaimants repeat and reallege paragraphs 1-24 as if fully set forth herein.

26. Counterclaimants have not infringed, are not infringing, and will not infringe any of the claims of the '646 Patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

27. Counterclaimants are entitled to a declaratory judgment that they have not infringed, and are not infringing, any valid and enforceable claim of the '646 Patent.

## COUNT VII
**(Declaratory Judgment of Invalidity of the '116 Patent)**

28. Counterclaimants repeat and reallege paragraphs 1-27 as if fully set forth herein.

29. The '116 Patent and each of the claims thereof are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, utility, novelty, non-obviousness, enablement, written description and definiteness in accordance with 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, or are invalid pursuant to the judicial doctrine barring double-patenting.

30. Counterclaimants are entitled to a declaratory judgment that the '116 Patent is invalid.

## COUNT VIII
**(Declaratory Judgment of Non-Infringement of the '116 Patent)**

31. Counterclaimants repeat and reallege paragraphs 1-30 as if fully set forth herein.

32. Counterclaimants have not infringed, are not infringing, and will not infringe any of the claims of the '116 Patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

33. Counterclaimants are entitled to a declaratory judgment that they have not infringed, and are not infringing, any valid and enforceable claim of the '116 Patent.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants and Counterclaimants demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendants and Counterclaimants pray:

1. That Apple take nothing by way of its Complaint and the same be dismissed with prejudice;

2. That judgment be entered that the '453 Patent, '849 Patent, '646 Patent, and '116 Patent, and each of the claims thereof are invalid;

3. That judgment be entered that Defendants and Counterclaimants do not, and have not, infringed any claim of the '453 Patent, '849 Patent, '646 Patent, or '116 Patent;

4. That all damages, injunctive relief, costs, expenses, attorneys fees, or other relief sought by Apple be denied;

5. That this case be declared exceptional pursuant to 35 U.S.C. § 285 and attorneys fees be awarded to Defendants and Counterclaimants;

6. That costs and expenses be awarded to Defendants and Counterclaimants;

7. That the Court grant Defendants and Counterclaimants all other such relief as the Court may deem just and appropriate.

Dated: August 18, 2010

*Of Counsel:*

Robert A. Van Nest
Leo L. Lam
Ashok Ramani
Eugene M. Paige
Ajay S. Krishnan
John C. Bostic
**KEKER & VAN NEST LLP**
710 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*
_____
John W. Shaw (#3362) *[jshaw@ycst.com]*
Karen L. Pascale (#2903) [*kpascale@ycst.com*]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Defendants High Tech Computer Corp., a/k/a HTC Corp., HTC (B.V.I.) Corp., HTC America, Inc., and Exedea, Inc.*

**CERTIFICATE OF SERVICE**

I, Karen L. Pascale, Esquire, hereby certify that on August 18, 2010, I caused to be electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following counsel of record:

>Richard K. Herrmann [rherrmann@morrisjames.com]
>Mary B. Matterer [mmatterer@morrisjames.com]
>MORRIS JAMES LLP
>500 Delaware Avenue, Suite 1500
>Wilmington, Delaware 19801

I further certify that on August 18, 2010, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel and on the following non-registered participants in the manner indicated:

>***By E-Mail***
>
>Robert G. Krupka [bob.krupka@kirkland.com]
>KIRKLAND & ELLIS LLP
>333 Hope Street
>Los Angeles, CA 90071
>
>Gregory S. Arovas [greg.arovas@kirkland.com]
>Steven Cherny [steven.cherny@@kirkland.com]
>Robert A. Appleby [robert.appleby@kirkland.com]
>Melanie R. Rupert [melanie.rupert@kirkland.com]
>James E. Marina [james.marina@kirkland.com]
>KIRKLAND & ELLIS LLP
>601 Lexington Avenue
>New York, NY 10022
>
>Kenneth H. Bridges [kbridges@WongCabello.com]
>Michael T. Pieja [mpieja@WongCabello.com]
>Brian C. Kwok [bkwok@WongCabello.com]
>WONG, CABELLO, LUTSCH, RUTHERFORD & BRUCCULERI LLP
>540 Cowper Street, Suite 100
>Palo Alto, CA  94301

Mark D. Fowler [mark.fowler@dlapiper.com]
M. Elizabeth Day [elizabeth.day@dlapiper.com]
David L. Alberti [david.alberti@dlapiper.com]
Yakov Zolotorev [yakov.zolotorev@dlapiper.com]
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303

Clayton Thompson [clayton.thompson@dlapiper.com]
DLA PIPER LLP (US)
1775 Wiehle, Suite 400
Reston, VA 20190-5159

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*
_____
John W. Shaw (#3362) [jshaw@ycst.com]
Karen L. Pascale (#2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Defendants High Tech Computer Corp., a/k/a HTC Corp.; HTC (B.V.I.) Corp.; HTC America, Inc.; and Exedea, Inc.*