IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC.,<br><br>          Plaintiff,<br><br> v.<br><br>HIGH TECH COMPUTER CORP., a/k/a HTC CORP., HTC (B.V.I.) CORP., HTC AMERICA, INC., and EXEDEA, INC.,<br><br>          Defendants. | C.A. No. 10-167-GMS<br>C.A. No. 10-544-GMS |
| APPLE INC.,<br><br>          Plaintiff,<br><br> v.<br><br>HTC CORP., HTC (B.V.I.) CORP., HTC AMERICA, INC., EXEDEA, INC., and HTC AMERICA HOLDING, INC.,<br><br>          Defendants. | C.A. No. 11-611-GMS |

## **OPENING BRIEF IN SUPPORT OF HTC DEFENDANTS' MOTION TO STAY**

| | |
|---|---|
| *Of Counsel:*<br><br>Robert A. Van Nest<br>Leo L. Lam<br>Ashok Ramani<br>Eugene M. Paige<br>Ajay S. Krishnan<br>William S. Hicks<br>John C. Bostic<br>**KEKER & VAN NEST LLP**<br>633 Battery Street<br>San Francisco, CA 94111<br>Telephone: (415) 391-5400 | **YOUNG CONAWAY STARGATT & TAYLOR LLP**<br>John W. Shaw (#3362) *[jshaw@ycst.com]*<br>Karen L. Pascale (#2903) *[kpascale@ycst.com]*<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>(302) 571-6600<br><br>*Attorneys for Defendants High Tech Computer Corp a/k/a HTC Corp., HTC (B.V.I.) Corp., HTC America, Inc., Exedea, Inc., and HTC America Holding, Inc.* |

August 2, 2011

# TABLE OF CONTENTS

**Page**

I. NATURE AND STAGE OF PROCEEDINGS ...................................................................1

II. SUMMARY OF ARGUMENT ..........................................................................................2

III. STATEMENT OF FACTS ..................................................................................................3

IV. ARGUMENT .......................................................................................................................5

    A. Certain of Apple's claims must be stayed under 28 U.S.C. § 1659 .........................5

    B. The additional related claims should be stayed as well to promote economy and efficiency.. ........................................................................................6

        1. Apple's patents asserted in the ITC share common issues with the non-overlapping patents asserted in the district court cases, such that all district court claims should be tried simultaneously. .......................7

        2. A stay of all claims would be consistent with Apple's previous assertions and the Court's previous rulings ................................................9

        3. This Court has previously granted discretionary stays in similar contexts. ...............................................................................................10

V. CONCLUSION ..................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

### Federal Cases

*Alloc, Inc. v. Unilin Décor N.V.*,
    No. Civ. A. 03-253-GMS, 2003 WL 21640372 (D. Del. July 11, 2003) ................................11

*Cherokee Nation of Oklahoma v. U.S.*
    124 F.3d 1413 (Fed. Cir. 1997) ..........................................................................................7

*Ethicon, Inc. v. Quigg*
    849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ........................................................................10

*FormFactor, Inc. v. Micronics Japan Co., Ltd.*
    Case No. CV-06-07159 JSW, 2008 WL 361128 (Feb. 11, 2008 N.D. Cal.) ......................8

*In re Princo Corp.*
    478 F.3d 1345 (Fed. Cir. 2007) ..........................................................................................6

*Landis v. North Am. Co.*
    299 U.S. 248, 254 (1936) ................................................................................................6, 7

*Pegasus Devel. Corp. v. DirecTV, Inc.*
    Civ. A. 00-1020-GMS, 2003 WL 21105073, *1 (D. Del. May 14, 2003) ...................10, 11

*Sandisk Corp. v. Phison Elecs. Corp.*
    538 F. Supp. 2d 1060 (W.D. Wisc. 2008) .......................................................................7, 8

### Federal Statutes

28 U.S.C. § 1659 ............................................................................................................... *passim*

### Other Authorities

H.R. Rep. No. 103-826(I), *as reprinted in* 1994 U.S.C.C.A.N. 3773 ............................................8

## I. NATURE AND STAGE OF PROCEEDINGS

Apple, Inc. ("Apple") has brought four patent infringement suits against High Tech Computer Corp., a/k/a HTC Corp., HTC B.V.I. Corp., HTC America, Inc., HTC America Holding, Inc., and Exedea, Inc. (collectively "HTC") in the District of Delaware. In total, Apple asserts twenty-six patents against HTC—all of them targeting HTC's smartphone technology. One case, number 1:10-00166-GMS, is currently stayed pending resolution of a parallel ITC proceeding initiated by Apple last year. The three non-stayed cases are in their preliminary stages. Case numbers 1:10-00167-GMS (the "167 case") and 1:10-00544-GMS (the "544 case") were filed last year, but were inactive as the parties focused on an International Trade Commission ("ITC") proceeding involving similar patents.

Although that ITC case remains pending, at Apple's request HTC agreed to an initial Rule 26(f) conference for the 167 and 544 cases, which the parties recently held to meet and confer over a case management plan and to begin discovery. But HTC was unaware at the time that Apple intended to bring yet another ITC action and companion district court case against it. In particular, on July 8, 2011, Apple filed a new complaint with the ITC, opening Docket No. 337-TA-2828. The recently filed ITC action involves five Apple patents that are also asserted against HTC in the district court cases here, including the newly filed case, 1:11-00611-GMS (the "611 case").

The district court claims asserting patents also at issue in the ITC must be stayed pending the completion of the ITC investigation. Staying only those five patents, however, would fragment this litigation—which now involves sixteen non-stayed patents asserted by Apple and three patents counter-asserted by HTC—and create two groups of patents litigated on different schedules. As a result, HTC submits that a stay of all patent claims and counterclaims in the related actions before this Court—namely, the 167, 544, and 611 cases—pending resolution of

the ITC action would promote judicial economy and conserve party resources. Litigating and then trying all the present claims before this Court simultaneously following the conclusion of the ITC action would streamline the litigation, narrow the issues for trial and avoid duplication of discovery efforts.

Apple should not be surprised by this request. The patents asserted in its new ITC action have claim terms, inventors, and prosecuting firms in common with the patents asserted only in the district court. And Apple itself has argued that, when patent claims share such common issues, they should be litigated by the same court and at the same time. Moreover, Apple has included in its new ITC claims U.S. Patent No. 7,469,381 (the "'381 patent") that it asserted in the 167 district court case more than a year ago—a clear indication that Apple prioritizes the ITC claim over the district court equivalent. Consistent with Apple's actions, the district court claims should be tried after the ITC proceedings.

Accordingly, Defendants High Tech Computer Corp., a/k/a HTC Corp., HTC B.V.I. Corp., HTC America, Inc., HTC America Holding, Inc., and Exedea, Inc. (collectively "HTC") hereby move the Court under 28 U.S.C. § 1659 and the Court's inherent discretionary power to stay the above-captioned matters in their entirety pending final resolution of the related ITC action.

## II. SUMMARY OF ARGUMENT

1. Under 28 U.S.C. § 1659, district court claims involving the same issues as parallel ITC proceedings must be stayed pending the outcome of that ITC action. Apple's district court claims asserting U.S. Patent Nos. 7,844,915 (the "'915 patent"), 7,084,859 (the "'859 patent"), 7,920,129 (the "'129 patent"), 6,956,564 (the "'564 patent"), and '381 patents are also asserted by Apple against HTC in an action before the Commission. HTC's instant request for a mandatory stay is timely under the statute. Thus, Apple's claims as to these patents must be

stayed until the ITC decision is final.  Apple has consented to a stay of claims regarding these patents.

2.      Courts have inherent power to manage cases in the interests of efficiency and judicial economy.  Given the substantive overlap between the five patents subject to mandatory stay and the remaining patents in the above-captioned cases, trying all of these claims concurrently would serve these interests.  Thus, the Court should stay the remaining patent claims.

### III.     STATEMENT OF FACTS

In the new ITC case and non-stayed district court actions, Apple has asserted a total of sixteen patents against HTC.  These patents share common claim terms and purport to implicate the same HTC smartphone products.

The following chart lists the patents at issue in these four related actions:

|           | 337-TA-2828 (ITC) | 11-00611 (D. Del.) | 10-00167 (D. Del.) | 10-00544 (D. Del.) |
|-----------|-------------------|--------------------|--------------------|--------------------|
| 5,455,599 |                   |                    | X                  |                    |
| 5,848,105 |                   |                    | X                  |                    |
| 5,920,726 |                   |                    | X                  |                    |
| 6,282,646 |                   |                    |                    | X                  |
| 6,424,354 |                   |                    | X                  |                    |
| 6,956,564 | X                 | X                  |                    |                    |
| 7,084,859 | X                 | X                  |                    |                    |
| 7,362,331 |                   |                    | X                  |                    |
| 7,380,116 |                   |                    |                    | X                  |
| 7,383,453 |                   |                    |                    | X                  |
| 7,469,381 | X                 |                    | X                  |                    |
| 7,479,949 |                   |                    | X                  |                    |
| 7,633,076 |                   |                    | X                  |                    |
| 7,657,849 |                   |                    |                    | X                  |
| 7,844,915 | X                 | X                  |                    |                    |
| 7,920,129 | X                 | X                  |                    |                    |

As the chart illustrates, each of the five patents asserted in the new ITC action is also asserted in the district court actions. But the overlap does not end there. Even the non-overlapping Apple patents are substantively similar to the patents at issue in the ITC litigation.

For example, in the ITC case, the '564 patent, entitled "Portable Computers," purports to claim as its invention a portable computing device with "movement detection means" that allows the user to control certain functions by moving the device. These functions include scrolling through information, flipping through pages, and changing the display orientation. '564 patent, at col.13 l.1 – col.14 l.21. The claimed invention also purports to incorporate a proximity sensor detecting the distance between the device and the user's view, enabling the device to alter the display settings based on data from that sensor. *Id.* at col.14 l.32-46. Among the patents asserted in this Court, the '949 patent, while not asserted before the ITC, also claims a computing device with a specific method of scrolling information and flipping through items based on user commands. '949 patent, col.122 l.51 – col.123 l.2. In addition, the '076 patent also before this Court, while not at issue in the ITC, also overlaps with the subject matter of the ITC '564 patent. The '076 patent, entitled "Automated Response to and Sensing of User Activity in Portable Devices," claims a portable computing device with a proximity sensor, allowing the device to automatically change its display settings based on proximity to the user. '076 patent, col.18 l.14-33; col.19 l.1-6.

Another patent asserted by Apple in the ITC is the '915 patent, entitled "Application Programming Interfaces for Scrolling Operations," which claims a method for scrolling on a multi-touch-sensitive display. '915 patent, col.23 l.17-40, 61-64. Such multi-touch sensing capability is a central concept of the '949 patent asserted in this Court (but not the ITC). '949 patent, col.122 l.37-49; col.123 l.30-33. The "rubberbanding" scrolling feature claimed by the

'915 patent in the ITC is also similar to the '381 patent that Apple asserts here, which purports to claim an invention that "makes the edge of the electronic document appear to be elastically attached to an edge of the touch screen display." '381 patent, col.36 l.32-38.  In fact, Apple included the '381 patent itself in its new ITC complaint more than a year after asserting it in the 167 case, confirming that Apple's focus is on the ITC.

The '859 patent in the ITC claims a method for improving touch screen inputs through use of multi-touch sensors capable of detecting the position and relative motion of two fingers on a touch screen.  '859 patent, col.59 l.22-34; col.60 l.11-22.  According to the '859 patent, this functionality allows the user to manipulate displayed information using pinching and twisting gestures.  *Id.*  Similarly, the '949 patent before this Court purports to incorporate a touch screen with the ability to detect multiple finger contacts and manipulate displayed data in response to pinching and twisting gestures.  '949 patent, col.37 l.8-20; col.123 l.30-33.

The touch-screen panel design claimed by the '129 patent that Apple asserts in the ITC pertains to the same technology underlying the claims of the '949, '076, and '849 patents.

### IV.   ARGUMENT

By choosing to institute yet another ITC proceeding against HTC, Apple knowingly subjected a number of its claims to a mandatory stay, pending the outcome of that action.  To maximize judicial economy, Apple's related claims in this Court should be stayed as well, in order to avoid pointless segmentation of this litigation and unnecessary duplication of the Court's and the parties' efforts.

**A.    Certain of Apple's claims must be stayed under 28 U.S.C. § 1659.**

District court patent claims that involve the same issues as a parallel ITC proceeding are subject to a mandatory stay under federal statute:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within - (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or (2) 30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659.

This language applies to patent claims in their entirety—not discrete issues within individual claims. *In re Princo Corp.*, 478 F.3d 1345, 1356 (Fed. Cir. 2007) (rejecting argument that § 1659 permitted a court to consider a patent damages issue not before the ITC, even though the ITC was assessing infringement of the same patent). A stay under this statute remains in effect until the Commission proceedings are no longer subject to judicial review. *Id.* at 1355.

Here, all of the Apple patents asserted in the 611 case and one of the Apple patents in the 167 case are also asserted in the ITC case filed by Apple on July 8, 2011. HTC's request for a stay of these claims is timely under the statute. Apple has indicated that it will consent to a stay of these claims. Thus, these claims—constituting the entire 611 case and part of the 167 case—must be stayed pending the final resolution of the ITC action.

**B. The additional related claims should be stayed as well to promote economy and efficiency.**

Though not mandated by statute, the interest of judicial economy requires that Apple's other claims in the above-captioned cases be stayed as well. Even in the absence of a specific statute demanding a stay, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). It is within the discretion of a district court to stay proceedings pending the resolution of other

suits, and cases need not involve identical issues for a court to stay proceedings in one suit to abide proceedings in the other. *Id.* at 254. The general test for imposing a discretionary stay requires a court to "balance interests favoring a stay against interests frustrated by the action." *Cherokee Nation of Oklahoma v. U.S.*, 124 F.3d 1413, 1416 (Fed. Cir. 1997).

>    1.  **Apple's patents asserted in the ITC share common issues with the non-overlapping patents asserted in the district court cases, such that all district court claims should be tried simultaneously.**

When the patents at issue in the district court are similar to patents in a parallel ITC proceeding, a court can apply this standard to grant a discretionary stay of all claims. For example, in *Sandisk Corp. v. Phison Elecs. Corp.*, a patentee brought two infringement cases against the same defendant, asserting separate but similar patents in each case. 538 F. Supp. 2d 1060 (W.D. Wisc. 2008). After one of cases was stayed under § 1659, the court entered a discretionary stay of the second case, even though none of the patents in that suit were involved in the ITC action. *Id.* at 1068. In reaching that decision, the court first noted that, because the parties in the district court case and ITC action were the same, the party requesting the stay did not need to make any special showing of hardship in being required to go forward. *Id.* at 1065-66 (citing *Landis*, 299 U.S. at 255). Nor did the court require the moving party to show a "pressing need" for the stay, because the requested stay was not indefinite in light of the ITC action's target completion date. *Id.* at 1066; *Landis*, 299 U.S. at 255. Next, that court considered the factors favoring a stay, focusing on the commonalities between the ITC and district court cases. Though different patents were involved, the court recognized that the two actions would address infringement allegations concerning the same products and same defendants. *Sandisk*, 538 F. Supp. 2d at 1066. Further, the patents at issue in the two actions shared at least one claim term, which would need to be construed consistently. *Id.* And though the district court would not be bound by the ITC's decisions, it noted that "the record developed in the proceeding before

the commission may be used to 'expedite proceedings and provide useful information to the court.'" *Id.* at 1067 (quoting H.R. Rep. No. 103-826(I), at 142, *as reprinted in* 1994 U.S.C.C.A.N. at 3914). The legislative history of 28 U.S.C. § 1659 shows that Congress anticipated and approved such uses of court discretion, stating, "The district court may use its discretionary authority to stay any other claims in the action before it." *Id.* at 1067-68 (quoting H.R. Rep. No. 103-826(I), at 141, *as reprinted in* 1994 U.S.C.C.A.N. 3773, at 3913).

Similarly, in *FormFactor, Inc. v. Micronics Japan Co., Ltd.*, a court stayed an entire four-patent case because two of those patents were at issue in a parallel ITC proceeding. Case No. CV-06-07159 JSW, 2008 WL 361128 ( N.D. Cal. Feb. 11, 2008). That court reasoned that, although the ITC patents and the non-overlapping patents in the district court did not involve the "same issues" under 28 U.S.C. § 1659, the issues in the ITC case would nonetheless be "relevant to the current proceeding." *Id.* at *2. Recognizing that the district court and ITC patents shared inventors, claimed similar technology, and implicated the same products, the court decided that the "most efficient and fairest course of action" was to try all four patents together following the ITC action. *Id.* at *2-4. This approach would minimize duplication of discovery, simplify the issues for trial, and make it possible for the ITC's interpretation of the overlapping patents to inform the district court's analysis. *Id.* at *3-4.

Here, as in *Sandisk* and *FormFactor*, a stay would affect only Apple and HTC. The requested stay is not indefinite, since it would be pegged to the completion date of the ITC action. Most importantly, a stay of all claims is logical because there is substantive overlap between the Apple patents subject to mandatory stay and the remaining patents. All the patents asserted by Apple against HTC purport to target the field of smartphone technology, focusing on power management, signal processing, graphical user interfaces, hardware pairing, and touch screen input processing. The patents subject to a mandatory stay contain claim terms also found

in the other patents, including "touch screen," "scrolling" / "translating," "movement detection," "proximity detection," "radio transceiver," and "multi-touch." There is also some overlap between the inventors of the ITC and non-ITC patents. For example, the '381 patent asserted in the ITC shares its inventor with the '331, '849, and '949 patents asserted only in this Court. The '915 patent from the ITC action shares another inventor with the '949 patent asserted here. These two patents were also prosecuted by the same patent counsel, as is the case with the '381 and '849 patents.[1]

These shared terms, inventors, and prosecution counsel are evidence of the subject matter overlap discussed in Section III above. Considering this overlap, it is likely that the same HTC products will be accused in the ITC action and these related district court actions. There will also be a large amount of overlap in the relevant witnesses and evidence in these cases. These factors create the potential for increased efficiency if the cases are tried at the same time, or wasteful redundancy if they are tried separately. All three district court cases should proceed simultaneously so that they can be coordinated, minimizing the number of times common documents must be requested and reviewed, common witnesses deposed, and common terms construed. Staying the district court cases until after the ITC decision is final would also allow the parties and the Court to benefit from the ITC record and the Commission's expertise as applied to these issues.

> **2.    A stay of all claims would be consistent with Apple's previous assertions and the Court's previous rulings.**

Apple cannot credibly argue that these cases are insufficiently related to warrant coordination, as it has already recognized the need for it. In its brief opposing transfer of the 544

---

[1] There is also significant commonality between the 167 and 544 district court cases themselves, and thus the parties are already treating these cases as one suit for all practical purposes. Thus, consolidation of the 167 and 544 actions would be warranted.

case, Apple stated that "the 544 Case shares numerous common issues of law and fact" with the other Apple cases pending in this District—including the 167 case. (Case No. 10-00544, D.I. 14 at 8). Apple went on to assert that "all of Apple's patents asserted in the 544 Case are directed to the same types of subject matter" as the patents asserted in those other cases, "including various smartphone hardware and software inventions (e.g., object-oriented systems, task handling, data processing and user interface technology)." *Id.* In fact, Apple argued that these cases should be consolidated, advocating the benefits of "having a single court consider these cases *at the same time*." *Id.* at 8-9 (emphasis added). Though the Court declined to consolidate the Apple-HTC and Apple-Nokia cases, it agreed that there are "common issues of law and fact" between the 544 case and the other cases like the 167, and that it will serve "the interests of justice and the efficient use of court resources" to keep those cases before the same court. (Case No. 10-00544, D.I. 24 at 5). This issue was briefed and argued before the 611 case was filed, but the reasoning applies equally to the new case. The Court has already decided in the interest of economy to keep the 167 and 544 cases in the same District; it follows that they—and the 611 case—should be kept on the same schedule as well.

      **3.**      **This Court has previously granted discretionary stays in similar contexts.**

Such an approach would be consistent with this Court's reasoning in other similar contexts. For example, it is standard practice for a district court to stay a patent infringement action pending reexamination of that patent by the USPTO. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."). This Court has recognized that, when multiple patents are at issue in a case, a reexamination as to one of those patents will often necessitate a stay of the entire case. For example, in *Pegasus Devel. Corp. v. DirecTV, Inc.*, this Court stayed a six-patent case because

one of those patents was the subject of a reexamination proceeding. Civ. A. 00-1020-GMS, 2003 WL 21105073, *1 (D. Del. May 14, 2003). The Court noted that a stay of the entire case would result in certain efficiencies also attainable here, specifically: (1) discovery problems relating to prior art may be alleviated; (2) the record of the parallel proceeding can be entered at trial, reducing the complexity of the district court cases; (3) the issues, defenses, and evidence will be more easily narrowed before trial; and (4) the result of the parallel proceeding may encourage a settlement of the district court cases. *Id.* at *2. The *Pegasus* suit had suffered some delay before the stay, but the Court observed that discovery was still not complete and the trial was nine months away. *Id.*

In another case, this Court stayed a patent claim because related continuation patents were the subjects of a USPTO reexamination and an ITC appeal. *Alloc, Inc. v. Unilin Décor N.V.*, No. Civ. A. 03-253-GMS, 2003 WL 21640372 (D. Del. July 11, 2003). Though the patent asserted in *Alloc* was not itself the subject of any parallel proceeding, the Court properly focused on the fact that the ITC and reexamination patents were similar to the district court patent in subject matter. *Id.* at *2. Noting that the patents shared certain terms, the Court concluded that there was "a sufficient correlation among all of the patents for the court to conclude that a stay is appropriate." *Id.* Because that case was in its preliminary stages, the stay could be entered before any party incurred substantial litigation-related expenses.

In this case, a stay is just as appropriate. In fact, the requested stay is less prejudicial to Apple than a stay pending reexamination, since it is Apple's unilateral action in filing the ITC complaint that has necessitated the stay. Without a showing of prejudice to Apple, and with judicial economy clearly favoring simultaneous litigation of its patent claims, a stay of all three cases is warranted.

## V.   CONCLUSION

Accordingly, the HTC Defendants respectfully request that Court stay the above-captioned matters pending final resolution of the related ITC action.  Specifically, the HTC Defendants respectfully request that the Court enter an Order in the form attached hereto, directing that:

1. The above-captioned actions shall be stayed as to the HTC Defendants, singly and collectively, pending final resolution of all claims and defenses before the ITC in Docket No. 337-TA-2828, including any initial and final determinations of the Administrative Law Judge, the International Trade Commission, and appeals therefrom;

2. Any pending motions in the above-captioned cases shall be denied without prejudice and may be re-filed once the stay is lifted;

3. All pending deadlines in the above-captioned cases shall be vacated; and

4. Following the expiration of the stay, the parties shall confer with each other and contact the Court for purposes of entry of Scheduling Orders, which shall include the re-setting of any currently-pending deadlines.

Dated: August 2, 2011

*Of Counsel:*

Robert A. Van Nest
Leo L. Lam
Ashok Ramani
Eugene M. Paige
Ajay S. Krishnan
William S. Hicks
John C. Bostic
**KEKER & VAN NEST LLP**
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*
_____
John W. Shaw (#3362) *[jshaw@ycst.com]*
Karen L. Pascale (#2903) *[kpascale@ycst.com]*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Defendants High Tech Computer Corp a/k/a HTC Corp., HTC (B.V.I.) Corp., HTC America, Inc., Exedea, Inc., and HTC America Holding, Inc.*

# CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on August 2, 2011, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF (which will send notification that such filing is available for viewing and downloading to all registered counsel), and in addition caused true and correct copies of the foregoing document to be served upon the following counsel of record in the manner indicated::

*By E-Mail*:

Richard K. Herrmann [rherrmann@morrisjames.com]
Mary B. Matterer [mmatterer@morrisjames.com]
Amy A. Quinlan [aquinlan@morrisjames.com]
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

Robert G. Krupka [bob.krupka@kirkland.com]
KIRKLAND & ELLIS LLP
333 Hope Street
Los Angeles, CA 90071

Gregory S. Arovas [greg.arovas@kirkland.com]
Steven Cherny [steven.cherny@@kirkland.com]
Robert A. Appleby [robert.appleby@kirkland.com]
James E. Marina [james.marina@kirkland.com]
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022

Kenneth H. Bridges [kbridges@WongCabello.com]
Michael T. Pieja [mpieja@WongCabello.com]
Brian C. Kwok [bkwok@WongCabello.com]
WONG, CABELLO, LUTSCH, RUTHERFORD & BRUCCULERI LLP
540 Cowper Street, Suite 100
Palo Alto, CA  94301

Apple-HTC-Delaware-Cases@kirkland.com
(Apple counsel has indicated that this group e-mail address includes all law firms representing Apple, including local counsel.)

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*

_____
John W. Shaw (#3362) *[jshaw@ycst.com]*
Karen L. Pascale (#2903) *[kpascale@ycst.com]*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Defendants High Tech Computer Corp a/k/a HTC Corp., HTC (B.V.I.) Corp., HTC America, Inc., Exedea, Inc., and HTC America Holding, Inc.*