IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-167-GMS |
| | ) | |
| HIGH TECH COMPUTER CORP., a/k/a | ) | |
| HTC CORP., HTC (B.V.I.) CORP., HTC | ) | |
| AMERICA, INC., and EXEDEA, INC. | ) | |
| | ) | |
| Defendants | ) | |
| APPLE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-544-GMS |
| | ) | |
| HIGH TECH COMPUTER CORP., a/k/a | ) | |
| HTC CORP., HTC (B.V.I.) CORP., HTC | ) | |
| AMERICA, INC., and EXEDEA, INC. | ) | |
| | ) | |
| Defendants | ) | |
| APPLE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 11-611-GMS |
| HTC CORP., HTC (B.V.I.) CORP., HTC | ) | |
| AMERICA, INC., EXEDEA, INC., | ) | |
| and HTC AMERICA HOLDING, INC., | ) | |
| | ) | |
| Defendants | ) | |

## **ORDER**

WHEREAS, on August 2, 2011, HTC Corporation, HTC (B.V.I.) Corporation, HTC America, Inc., Exedea, Inc., and HTC America Holding, Inc. (collectively, "the defendants"), filed a Motion to Stay (D.I. 30) and an accompanying Opening Brief (D.I. 31);

WHEREAS, on August 19, 2011, Apple Inc. ("Apple") filed its Response in opposition to the defendants' motion (D.I. 34) and, on August 29, 2011, the defendants filed their Reply (D.I. 35);

WHEREAS, pursuant to 28 U.S.C. § 1659, a district court should, at the request of a party, stay a civil action where the claims involved are the same as those in a parallel proceeding before the United States International Trade Commission (the "ITC")[1];

WHEREAS, in the scenario addressed by 28 U.S.C. § 1659, when a district court grants a stay, that stay should remain in place pending the outcome of the ITC proceeding[2];

WHEREAS, on July 8, 2011, Apple initiated an ITC action, assigned Investigation Number 337-TA-797, wherein it alleges that HTC infringes five of its patents: U.S. Patent Nos. 7,844,915 ("the '915 Patent"), 7,084,859 ("the '859 Patent"), 7,920,129 ("the '129 Patent"), 6,956,564 ("the '564 Patent"), and 7,469,381 ("the '381 Patent")[3];

---

[1] Specifically, 28 U.S.C. § 1659 states:
    In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceedings before the Commission, but only if such request is made within: (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or (2) 30 days after the district court action is filed, whichever is later.
See 28 U.S.C. § 1659.

[2] See In Re Princo Corp., 478 F.3d 1345, 1356 (Fed. Cir. 2007) (concluding that a stay under 28 U.S.C. § 1659 should remain in effect until the ITC proceedings are no longer subject to judicial review).

[3] The 337-TA-797 action is the second ITC proceeding Apple initiated in connection with its assertions that HTC infringes a number of its "smartphone technology" patents. Specifically, Apple filed a complaint with the ITC in March of 2010 that resulted in the staying of 10-cv-166, a patent infringement action against HTC also filed in this court. Recently, on December 19, 2011, the ITC issued its decision related to whether HTC infringed Apple's U.S. Patent Nos. 5,946,647, 5,481,721, 6,275,983, and/or 6,343,263, four of the patents at issue in the 10-cv-166 case.

WHEREAS, both parties agree that the 11-cv-611 case must be stayed pending resolution of the 337-TA-797 ITC action because the patents asserted in this case overlap those involved in the ITC proceeding[4] (D.I. 31 at 1-2; D.I. 34 at 1);

WHEREAS, both parties further agree that Apple's claim related to the '381 Patent must be stayed in the 10-cv-167 action pending resolution of the ITC proceeding due to Apple's assertion of the '381 Patent in that parallel proceeding (id.);

WHEREAS, in non-mandatory stay cases, the power to stay a case is firmly within the discretion of the court, as this power "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants"[5];

WHEREAS, a district court's imposition of a discretionary stay requires that it first "balance interests favoring a stay against interests frustrated by the action"[6];

WHEREAS, this balance should include an assessment of: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether the stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set"[7];

WHEREAS, as of Apple's most recent July 8, 2011 filing with the ITC, it has asserted five of the sixteen patents involved in the 10-cv-167, 10-cv-544, and 11-cv-611 actions in the ITC forum (D.I. 31 at 3-4);

---

[4] Specifically, Apple's complaint in the 10-cv-611 action alleges that HTC infringes its '564, '859, '915, and '129 Patents. (D.I. 31 at 3.)

[5] *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Cost Brothers, Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985).

[6] *See Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997).

[7] *See Xerox Corp. v. 3 Comm. Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999); *see also Alloc, Inc. v. Unilin Décor N.V.*, C.A. No. 03-253-GMS, 2003 U.S. Dist. LEXIS 11917, at *4 (D. Del. July 11, 2003).

3

WHEREAS, the defendants assert that the court should grant a stay in 10-cv-544 and 11-cv-785, despite the fact that these cases involve some patents not before the ITC, because: (1) Apple's patents asserted in the ITC proceeding "share common issues with the non-overlapping patents" asserted in these cases, such that they should be "tried simultaneously" rather than in fragmented proceedings[8]; (D.I. 31 at 7); (2) granting the stay would be consistent with Apple's prior assertions in motions filed in these cases[9] (id at 8-10); (3) Apple would not suffer prejudice if the court institutes a stay because it was Apple's action of initiating an ITC proceeding that necessitates the staying of these actions (id. at 11); and (4) the cases involve similar witnesses and subjects of discovery, including an overlap of two inventors and relevant witnesses,[10] such that a stay would "promote judicial economy and conserve party resources" (id. at 2);

WHEREAS, Apple argues in its Response that a stay should not be granted in either case because: (1) the 10-cv-167 case involves seven patents not at issue in the ITC proceeding and the 10-cv-544 action does not involve any of the ITC proceeding patents (D.I. 34 at 2); (2) the patents at issue do not share common specifications or arise from the same patent families, such that staying these proceedings due to "mere overlap in subject matter" would be inappropriate[11]

---

[8] Specifically, the defendants argue that a stay would be appropriate with respect to these cases because: (1) the stay would not be indefinite, as it would last only during the pendency of the ITC proceeding (D.I. 31 at 7); (2) the patents at issue in all of the cases are similar in that they cover similar technology (id.); (3) "the patents at issue in the two actions share at least one claim term, which would need to be construed consistently" (id.); and (4) the record developed during the ITC proceeding addressing these similar patents would "expedite proceedings and provide useful information in the court" (id. at 7-8).

[9] Here, the defendants note that in its Response in opposition to the defendants' motion to transfer, Apple conceded that the 10-cv-544 case "shares numerous common issues of law and fact" with the other cases pending in the district. (D.I. 14 at 8.) Apple also stated in the same Response that: "all of Apple's patents asserted in the [10-cv-]544 cases are directed to the same types of subject matter" as the patents asserted in those other cases, "including various smartphone hardware and software inventions (e.g., object-oriented systems, task handling, data proceeding, and user interface technology)." (D.I. 31 at 10.) Finally, Apple further argued that the cases should be consolidated because "having a single court consider these cases at the same time" would prove optimal based on the nature of and the similarities between these cases. (Id.)

[10] Specifically, HTC notes that "the '381 patent asserted in the ITC shares its inventor with the '331, '849, and '949 patents asserted only in this Court" and that the "'915 patent from the ITC action shares another inventor with the '949 patent asserted here." (D.I. 31 at 9.)

[11] Apple notes that while the 10-cv-167 and 10-cv-544 cases both relate generally to smartphones, they cover "a range of diverse technologies." (D.I. 34 at 2.) Moreover, none of the ITC patents share a specification or

4

(id.); (3) staying these matters will prevent Apple from stopping the defendants' infringement of its patent, as it would preclude Apple from obtaining a preliminary injunction for years (id.); (4) the claim construction, validity, and infringement analyses that the court will have to undergo in these cases are different than those that the ITC will conduct and, further, the court is not bound by the ITC's decisions (id. at 3); and (5) in view of the foregoing arguments, the considerations of economy and efficiency will not be served by granting the defendants' motion (id.);

WHEREAS, in response to Apple's assertion, the defendants argue in their Reply that: (1) the technology claimed in Apple's patents before the ITC is notably similar to the technology and subject matter protected by its non-ITC challenged patents[12] such that Apple cannot successfully argue that the subject matter is dissimilar (D.I. 31 at 4-5; D.I. 35 at 3-6); (2) though different patents are involved in the 10-cv-167, 10-cv-544, and 11-cv-611 actions, Apple's actions allege infringement in connection by the same products and the same parties[13]; and (3) Apple conceded that there are noted commonalities in both law and fact in the 10-cv-167 and 10-cv-544 cases, such that it cannot argue that efficiency and economy considerations are not benefited by a stay[14];

---

prosecution history with a non-ITC patent at issue here. (Id.) To this end, Apple claims that witness overlap will be very limited and minimal. (Id.)

[12] Specifically, the defendants explain that Apple's '564 Patent entitled "Portable Computers," purports to claim as its invention "a portable computing device with 'movement detection means' that allows the user to control certain functions by the moving the device." (D.I. 4 (quoting '564 Patent, at Col. 13 1.1-14 1.1).) The defendants, in support of their position that the subject matter of the technology at issue in these cases is the same, note that Apple's '949 Patent, a patent involved in the 10-cv-167 action but not involved in the ITC proceeding, "claims a computing device with a specific method of scrolling information and flipping through items based on user commands." (Id.) The defendants identify this functionality as similar to the '564 Patent's ability to "scroll[] through information, flip[] through pages, and chang[e] the display orientation." (Id.) The defendants argue that Apple's effort to distinguish each patent to show that the technology at issue in each is dissimilar is negated by a simple review and comparison of each patent and its claims. (Id. at 4-5.) Included in this comparative analysis of Apple's ITC and non-ITC asserted patents is a review of the claimed inventions of the '915, '381, and '859 Patents to the '949 Patent, and of the touch-screen panel design claimed in the ITC involved '129 Patent and the non-ITC '949, '076, and '849 Patents. (Id.)

[13] *See Sandisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060 (W.D. Wisc. 2008) (concluding that, although different patents were involved in the two actions before the court, a stay was warranted because the actions both involved infringement allegations concerning the same products and the same defendants).

[14] *See supra* note 9.

WHEREAS, 28 U.S.C. § 1659 allows the court to use "its discretionary authority to stay any other claim in the action before it"[15];

WHEREAS, in view of the foregoing, the parties' submissions, and the relevant law, the court concludes that the patents at issue in the 10-cv-167, 10-cv-544, and 11-cv-611 actions before the court are sufficiently similar in subject matter and evidence overlap that the interests of judicial economy and preservation of party resources would be promoted by trying these cases simultaneously[16];

WHEREAS, in view of the foregoing, the parties' submissions, and the relevant law, the court further concludes that Apple would not be prejudiced by the granting of a stay in the 10-cv-167 and 10-cv-544 actions[17];

IT IS HEREBY ORDERED that

---

[15] *See id.* at 1067-68 (quoting H.R. REP. NO. 103-826(I), at 141, *as reprinted in* 1994 U.S.C.C.A.N. 3773, at 3913)).

[16] The court concludes that issues of economy and efficiency warrant the staying of the 10-cv-167 and 10-cv-544 actions. Specifically, the court finds, in light of the parties' briefings, that there is sufficient overlap in subject matter among the patents at issue that the court, parties, and witnesses would benefit from trying these matters simultaneously upon resolution of the ITC proceedings. As noted, the defendants have identified overlap in the technology at issue, particular inventors on the ITC and non-ITC patents, and, in the case of the '949 Patent, the sharing of a provisional application with the '381 Patent. (D.I. 31 at 7-10; D.I. 35 at 2-7). Likewise, Apple, in its opposition to HTC's motion to transfer, acknowledged that "the 544 Case shares numerous common issues of law and fact" with the other Apple cases pending before this court and, further, that "all of Apple's patents asserted in the 544 Case are directed to the same types of subject matter" as that asserted in the "167 Case." (D.I. 31 at 10 (quoting D.I. 14 at 8).)

Moreover, as the defendants correctly note, 18 U.S.C. § 1659 and relevant precedent do not require that the specification and prosecution histories of ITC and non-ITC involved patents must be the same to necessitate a stay. (D.I. 34 at 5-8.) Rather, while such factors can serve as indicators of commonality between various patents, the absence of common prosecution and/or specification histories is not dispositive. *See, e.g., Landis*, 299 U.S. at 254 (concluding that cases need not have identical issues for a court to stay proceedings in one suit to abide proceedings in another); *LG Elecs., Inc. v. Eastman Kodak Co.*, No. 09-CV-0344 H(BLM), 2009 WL 1468703, at *3-4 (S.D. Cal. 2009); *SanDisk Corp.*, 538 F. Supp. 2d at 1066-67. Instead, the court is directed to consider a variety of factors, including, but not limited to, judicial economy, efficiency, the potential for prejudice to the non-moving party, the effect of a stay on simplifying issues at trial, and the state of the proceedings at the time of the moving party's motion. *See supra* note 7. In consideration of these factors, including the early state of the current litigation in these cases, the court concludes that granting a stay in the above-captioned matters is appropriate.

[17] The court concludes that the staying of the 10-cv-167 and 10-cv-544 cases will not prejudice Apple. Specifically, Apple decided to bring parallel actions in connection with these patents in the ITC despite the fact that the filing of complaints in both forums would result in a stay of the 11-cv-611 case and, potentially, of related cases. *See supra* notes 2, 5-7. Moreover, the stay is not indefinite, in that it will remain in effect only during the pendency of the ITC proceeding, after which Apple will be able to assert its rights in this court. *See supra* note 2.

6

1. The defendants' Motion to Stay (D.I. 30) is GRANTED and the above-captioned matters are STAYED pending final resolution of all claims and defenses before the ITC in Docket Nos. 337-TA-2828, including any initial and final determinations of the Administrative Law Judge, the ITC, and appeals therefrom;

2. The parties shall submit a joint status report to the court every six months with information on the status of the ITC proceedings.

Dated: December 12, 2011

CHIEF, UNITED STATES DISTRICT JUDGE